# Service on the Board of Directors of Non-Federal Entities by Federal Bureau of Investigation Personnel in Their Official Capacities

Section 208 of title 18 prohibits a Federal Bureau of Investigation employee from serving on the board of directors of an outside organization in his or her official capacity, unless the service is authorized by statute or the employee obtains either a release of fiduciary obligations by the organization or a waiver of the requirements of section 208.

November 19, 1996

MEMORANDUM OPINION FOR THE GENERAL COUNSEL
FEDERAL BUREAU OF INVESTIGATION

You have requested our advice as to whether Federal Bureau of Investigation ("FBI") personnel may serve on the boards of directors of non-federal nonprofit entities in their official capacities. Specifically, you have raised the question whether 18 U.S.C. § 208 would prohibit such service. Section 208 prohibits any officer or employee of the executive branch from participating as a government official in any "particular matter" in which an "organization in which he is serving as officer, director, trustee, general partner or employee . . . has a financial interest." 18 U.S.C. § 208(a). We conclude that this broad prohibition against conflicts of interest within the federal government would prevent a government employee from serving on the board of directors of an outside organization in his or her official capacity, in the absence of: (1) statutory authority or a release of fiduciary obligations by the organization that might eliminate the conflict of interest, or (2) a waiver of the requirements of § 208(a), pursuant to 18 U.S.C. § 208(b).

Our conclusion follows inevitably from earlier opinions of this Office on the scope of § 208. Specifically, we recently found that § 208 would prevent an executive officer or employee who was also serving as the director of an outside organization (in a state that imposed fiduciary obligations upon such directors) from participating in any particular matter in his or her government employment in which the outside organization had a financial interest. *See Applicability of 18 U.S.C. § 208 to Proposed Appointment of Government Official to the Board of Connie Lee*, 18 Op. O.L.C. 136 (1994) ("Connie Lee opinion"). In the Connie Lee opinion, we made clear that the inherent conflict of interest between the government employee's loyalty to the federal government and his or her fiduciary duty to the outside organization under state law could be overcome only if such service were expressly authorized by statute, or if the outside organization waived applicable fiduciary obligations. [1] Neither of those exceptions applied to the situa-

---

[1] This would require that applicable state law permit a waiver of fiduciary obligations.

379

tion in the Connie Lee opinion, nor are we aware that they apply to the question you have raised.

Although our focus in the Connie Lee opinion was with how this conflict of interest might influence the government employee's official duties in his or her *government* job, that conflict is no less troublesome in its effect upon the employee's official actions as director of the outside organization. The prohibition in § 208 extends to *any* official action by a government employee that affects the employee's financial interests or those of other specified persons or entities, such as an organization for which the employee is a director. In the instance you have asked us to address, the employee performs *official* duties for the FBI in serving on the board of the outside organization. Thus, § 208 would apply to any action the employee takes *as a director* that affects the financial interests of the outside organization.

BETH NOLAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*